# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON HARVEY BEITCH, | NO. LA CV 15-00872-VBF (GJS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| OFFICER MARK WHEELER, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, Defendant's Motion for Summary Judgment [Dkt. 54-56, the "Motion"], Plaintiff's filings in opposition to the Motion [Dkt. 60-62], Defendants' Reply [Dkt. 63-63-1], the deposition transcript lodged on July 13, 2017 [Dkt. 68], all other documents filed in this action, the Report and Recommendation of United States Magistrate Judge filed on July 18, 2017 [Dkt. 70, the "Report"], and Defendant's Objections to the Report [Dkt. 71, "Objections"]. The Court has conducted a de novo review of those matters to which Objections have been stated in writing.

In his Objections, Defendant asserts that he is entitled to summary judgment, because Plaintiff's belief that Defendant's alleged "I could kill you" statement was directed to him – as opposed to someone else – is not enough to raise a genuine disputed issue of material fact. Defendant posits that the statement

could have been directed at someone else he was speaking to on a radio or cell phone but that, because Plaintiff's back was turned, Plaintiff cannot show that the statement was directed at him. Defendant further argues that there is no genuine disputed factual issue regarding Plaintiff's contention that Defendant brandished a firearm at him when making the "I could kill you" statement for the same reason, *i.e.,* because Plaintiff did not see any such firearm, his belief that one was brandished, based on the noises he heard and his prior experiences, is "speculative" and not plausible and therefore is insufficient to raise a factual issue.

Defendant's arguments only underscore that a genuine dispute exists as to the critical material facts in this case and, thus, why summary judgment is inappropriate. Defendant raises arguments that go to the very nature of factfinding itself, *i.e.,* the assertion that Plaintiff's testimony about the statement and noise he heard should not be found credible, because he was not facing Defendant when the alleged statement was made and the alleged weapon was brandished and, thus, cannot know to a certainty that the statement was not directed to a third party on a radio or cell phone or that the noise pertained to something other than a weapon being unholstered. As explained in the Report, a witness's perception can rest on events other than visual observation, and its weight is a jury question. Whether or not Plaintiff's testimony on these critical facts is plausible and to be believed, or instead rests on unsupported speculation as Defendant argues in his Objections, is a question for the ultimate factfinder, not one to be resolved on summary judgment.

Having completed its review, the Court accepts the findings and recommendations set forth in the Report. Accordingly, IT IS ORDERED that the Motion is DENIED. The Court will issue further appropriate orders regarding the future conduct of this case.

**IT IS SO ORDERED.**

Dated: September 21, 2017

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE